NOT FOR PUBLICATION [32]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

UNITED STATES OF AMERICA,

    v.

RONALD SALAHUDDIN and
SONNIE COOPER.

_____

Civil Action No. 10-cr-104

**OPINION**

**WOLFSON, United States District Judge**:

    Presently before the Court is a Motion in Limine by the United States of America ("USA" or "Government") seeking to admit, <u>inter</u> <u>alia</u>, state-mandated financial disclosure forms filed by Ronald Salahuddin ("Salahuddin") and Sonnie Cooper ("Cooper")(collectively referred to as "Defendants").  Specifically, the Government seeks to admit financial disclosure statements from the years 2005 through 2008 that Salahuddin, as a local government officer, was required to file pursuant to N.J.S.A § 40A:9-22.6.  In addition, the Government seeks to admit disclosure statements from the years 2004 through 2008 that Cooper was required to file as part of his annual application for a New Jersey waste hauling license.  N.J.A.C. § 7:26-16.4.[1]  For the

---

[1] The Court notes that the Government's motion sought to admit both Salahuddin and Cooper's  financial disclosure statements as intrinsic evidence, or, in the alternative, as evidence under Fed. R. Evidence 404(b).  For the reasons stated on the record on September 20, 2011, the Court found that the evidence was not intrinsic and that the Court would, instead, analyze the Government's motion under Rule 404(b).

reasons set forth on the record on September 7 and September 20, 2011, and supplemented by the reasons set forth in this Opinion, the Government's motion is **GRANTED**.

### I. BACKGROUND

On February 18, 2010, a grand jury in Trenton, New Jersey, returned a five-count indictment against Defendants.[2] The indictment describes an alleged scheme in which Salahuddin, who, at the time was a Deputy Mayor of the City of Newark, and Cooper, conspired to use Salahuddin's official position to steer demolition contracts from the City of Newark and the New Jersey Devils to a Confidential Witness ("CW") between July 2006 and December 2007. In exchange for the work, the CW agreed to give a portion of the demolition work to Cooper Trucking. The Indictment charges that Salahuddin had a financial interest in Cooper Trucking including, inter alia, that Salahuddin acted as a general indemnitor for Cooper Trucking, mortgaging in 2004 his personal residence as well as a rental property in an amount up to $900,000 to secure and serve as collateral for performance bonds for Cooper Trucking in connection with the Irvington garbage contract.[3]

---

[2]Count I charges that Defendants conspired to obstruct interstate commerce by extortion under the color of official right, in violation of 18 U.S.C. § 1951(a). Count 2 charges that Defendants knowingly and willfully attempted to obstruct interstate commerce by extortion under the color of official right, in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2. Counts 3 through 5 charge violations of 18 U.S.C. § 666(a)(B) and 18 U.S.C. § 2, in that Defendants knowingly and corruptly solicited, demanded, accepted and agreed to accept as bribes things of value or $5,000 or more to influence and reward Salahuddin's effort to steer Newark demolition contracts to the CW. Salahuddin is charged in all counts of the indictment and Cooper is charged in Counts 1, 2, 3 and 5.

[3]Indeed, the court notes that the $600,000 mortgage on Salahuddin's rental property was not discharged until 2008 and the $300,000 mortgage on Salahuddin's residence was not

In the instant motion, the Government seeks to admit at trial, certain evidence pursuant to Federal Rule of Evidence 404(b). Specifically, and in relevant part, the Government seeks to admit financial disclosure statements from the years 2005 through 2008 that Salahuddin, as a local government officer, was required to file pursuant to N.J.S.A § 40A:9-22.6. In addition, the Government seeks to admit disclosure statements from the years 2004 through 2008 that Cooper was required to file as part of his annual application for a New Jersey waste hauling license. N.J.A.C. § 7:26-16.4.[4]

## II. DISCUSSION

A. Rule 404(b)

As a general rule, all relevant evidence is admissible. Fed. R. E. 402. Evidence is relevant if its existence simply has some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. E. 401; see United States v. Murray, 103 F.3d 310, 316 (3d

---

discharged until 2011, after the end of the period charged in the conspiracy.

[4]For example, as Deputy Mayor of Newark, Defendant Salahuddin was required to submit an annual disclosure statement listing, among other things, "the name and address of all business organizations in which the local government officer or a member of his immediate family had an interest during the preceding calendar year." N.J.S.A. § 40A:9-22.6(a)(4). Similarly, the State of New Jersey requires solid and hazardous waste haulers, such as Cooper Trucking, to obtain a license; as part of their licensing application, waste haulers are required to submit a disclosure statement including, in relevant part, the name, address, date of birth and social security number of "all officers, directors, or partners of any business concern disclosed in the disclosure statement and the names and address of all persons holding any equity in or the debt liability of any business concern so disclosed." N.J.A.C. § 7:26-16.4. In addition, a waste-hauler is required to file an annual update of its disclosure statement and give the State notice of any change in "[t]he names or identities of any officers, directors, partners or key employees of the licensee." N.J.A.C. § 7:26-16.6(b)(2), (e).

Case 3:10-cr-00104-GC    Document 55    Filed 10/04/11    Page 4 of 10 PageID: 560

Cir.1997).  "Rule 404(b), although viewed as a rule of inclusion rather than exclusion, provides for the exclusion of relevant evidence in certain situations." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir.1996).

Rule 404(b) provides, in relevant part, that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. E. 404(b). Indeed, evidence of uncharged acts is admissible under 404(b) to give background to the charges and the conspiratorial relationship. United States v. Butch, 256 F.3d 171, 175-76 (3d Cir. 2001).

Importantly, however, as the United States Supreme Court explained in Huddleston v. United States, 485 U.S. 681, 685-86 (1988), Rule 404(b) "generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon [another] relevant issue in the case." Id. "Thus, the threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." Sriyuth, 98 F.3d at 745-46 (quoting Huddleston, 485 U.S. at 686.)

Pursuant to the Supreme Court's analysis in Huddleston, 485 U.S. 681, other act evidence should be admitted if: (i) it has a proper evidentiary purpose, (ii) it is relevant under Rule 402, (iii) its probative value outweighs its prejudicial effect under Rule 403, and (iv) a limiting instruction is used to properly instruct the jury.  Under the Rule 403 balancing test, evidence "must be considered in light of the remoteness in time of the other act and the degree of resemblance to the crime charged ...." United States v. Houle, 237 F.3d 71, 77-78 (1st Cir.2001).

4

Evidence that is probative, but distracting, confusing or emotionally charged should not be admitted.  United States v. Butch, 256 F.3d 171, 176 (3d Cir.2001) (citation omitted).  To justify exclusion, the Court must find that (i) there is a danger of unfair prejudice, and (ii) that the danger substantially outweighs the probative value of the evidence.  See Fed. R. E. 403.

### B. Salahuddin's Disclosure Forms

In the instant matter, the Government argues that Salahuddin's financial disclosure forms are admissible under 404(b).  Specifically, the Government contends that the disclosure forms have a proper evidentiary purpose since the documents demonstrate, at the least, Salahuddin's knowledge and intent to conceal his interest in Cooper Trucking as part of Defendants' plan to steer work to the CW and, therefore, to Cooper.  Indeed, the Government contends that had Salahuddin disclosed his interest in Cooper Trucking during the period of the alleged conspiracy, the object of Defendants' conspiracy - to obtain work from the City of Newark for the CW and Cooper - would have limited his ability to steer work to the CW and Cooper.  In addition, the Government suggests that Salahuddin only disclosed his financial interest in 2008 once he was approached by the Government concerning the matters at issue in this trial.

In support of their argument that the financial disclosure forms should be admitted under Rule 404(b) , the Government points to substantial evidence introduced at trial including, inter alia: (1) a fax in which Mr. Cooper states that Salahuddin was a silent partner in Cooper Trucking; (2) testimony by several witnesses that they had no knowledge of any relationship between Salahuddin and Cooper; (3) a recording in which Salahuddin states that he and Mr. Cooper were in the garbage business together in Irvington, New Jersey; (4) testimony from the

Irvington public official who purchased the garbage contract involving Mr. Cooper that he had never heard of Salahuddin; and (5) a recorded meeting between Salahuddin, Cooper and the CW in which Salahuddin states, "but the good thing about this is, I'm not on paper anywhere, no son, no girlfriend, no wife, no nothing."

After considering the entirety of the evidence admitted at trial, as well as counsel's arguments, both written and oral, the Court finds that Salahuddin's financial disclosure forms are admissible under 404(b). First, the Court finds that the financial disclosure forms are relevant and have a proper evidentiary purpose. Indeed, the Court notes that because Salahuddin did not disclose his financial interest in Cooper Trucking between 2005 and 2007 and only disclosed his interest in 2008, once the Government approached him about the alleged conspiracy, the difference between the forms may demonstrate, at the least, Salahuddin's knowledge of and intent to conceal his interest in Cooper Trucking as a way to further the alleged conspiracy. Indeed, as the Government suggests, if Salahuddin had disclosed his interest in Cooper Trucking, his ability to steer work to Cooper would have been limited. In addition, the Court notes that information contained on the financial disclosure forms, or the lack thereof, provides background to the charges and the nature of the relationship between the Defendants. See United States v. Butch, 256 F.3d at 175-76.

Moreover, the Court finds that the probative value of the financial disclosure forms outweighs any prejudicial effect. Specifically, as discussed above, during trial several witnesses testified that they had no knowledge of any business relationship between Salahuddin and Cooper. In addition, during trial, the Government admitted a recording in which Salahuddin stated that he and Mr. Cooper were in the garbage business together in Irvington, New Jersey as

well as a recording from a meeting between Salahuddin, Cooper and the CW in which Salahuddin states, "but the good thing about this is, I'm not on paper anywhere, no son, no girlfriend, no wife, no nothing."  In light of this evidence, and Salahuddin's subsequent filing of a disclosure form that fails to disclose his interest in Cooper Trucking, the Court finds that the financial disclosures would be probative on the issue of the relationship between Salahuddin and Cooper and, especially, an intent to conceal the nature of their relationship and their alleged conspiracy.

Further, although Salahuddin contends that the forms are not probative and that the admission of the forms would be prejudicial, prejudice is inherent in all 404(b) evidence.  The inquiry is whether the probative value outweighs any prejudicial effect; indeed, to justify exclusion, the danger of prejudice must substantially outweighs the probative value of the evidence.  Here, the Court finds that in light of the entirety of the evidence admitted at trial as discussed above, the probative nature of this evidence outweighs any prejudicial effect and that the danger of prejudice does not substantially outweigh the probative value.  Specifically, the Court notes that these forms appear particularly probative when it comes to Salahuddin's knowledge and intent to conceal the alleged conspiracy since Salahuddin did not disclose his interest in Cooper Trucking until 2008, after the Government had already approached him about the alleged conspiracy.  Thus, the Court will admit Salahuddin's financial disclosures from 2005 through 2008 subject to a limiting instruction.

### C. Cooper's Disclosure Forms

In addition, the Government argues that financial disclosure forms submitted by Cooper

between 2004 and 2008 pursuant to N.J.A.C. § 7:26-16.4 for the purpose of applying for a New Jersey waste hauling license are admissible under Rule 404(b). Specifically, the Government contends that the disclosure forms have a proper evidentiary purpose since the documents demonstrate, at the least, Cooper's knowledge and intent to conceal Salahuddin's interest in Cooper Trucking as part of Defendants' plan to steer work to the CW and, therefore, to Cooper. Indeed, the Government contends that had Cooper disclosed Salahuddin's interest in Cooper Trucking during the period of the alleged conspiracy, the object of Defendants' conspiracy - to obtain work from the City of Newark for the CW and Cooper - would have been limited. In support of their argument that the financial disclosure forms should be admitted under Rule 404(b), the Government points to substantial evidence introduced at trial including a fax in which Mr. Cooper states that Salahuddin was a silent partner in Cooper Trucking and the meeting between Salahuddin, Cooper and the CW in which Salahuddin states "but the good thing about this is, I'm not on paper anywhere, no son, no girlfriend, no wife, no nothing," as well as Cooper's subsequent filing of a disclosure form that did not disclose Salahuddin's interest in Cooper Trucking. Thus, the Government contends that these forms demonstrate Cooper's knowledge of, participation in, and intent to further the conspiracy, and, as a result, that the financial disclosure forms are admissible under 404(b).

In response, Cooper argues that the forms are not admissible under 404(b). Specifically, Cooper argues that because he never disclosed Salahuddin's interest in Cooper Trucking – either before or after the conspiracy period – the disclosure forms have no proper evidentiary purpose in that they cannot demonstrate the knowledge of, or an intent to, conceal or further any alleged conspiracy. In addition, Cooper argues that because the forms do not have a proper evidentiary

purpose, they are not probative and are, instead, prejudicial.

Initially, the Court notes that Cooper's financial disclosure statements are relevant and have a proper evidentiary purpose. Specifically, in light of the other evidence admitted at trial, including, specifically, the recording in which Salahuddin states in Cooper's presence that he is "not on paper anywhere," Cooper's subsequent filing of a financial disclosure form that does not disclose Salahuddin's interest in Cooper Trucking may demonstrate, at the least, Cooper's knowledge of and intent to further the alleged conspiracy. Indeed, as with Salahuddin's forms, had Cooper disclosed Salahuddin's interest in Cooper Trucking, the object of the alleged conspiracy, i.e., to steer work to the CW and Cooper, would have been limited. In addition, in the context of the other evidence admitted at trial, including a fax sent by Cooper in which Cooper stated that Salahuddin was a silent partner in Cooper Trucking, the information contained on Cooper's financial disclosure forms, or the lack thereof, provides background on the nature and extent of the relationship between the Defendants. See United States v. Butch, 256 F.3d at 175-76. This evidence is clearly probative.

Moreover, the Court finds that the probative value of the disclosure forms outweighs any prejudicial effect arising from their admission. The Court appreciates Cooper's argument that because, unlike Salahuddin, Cooper never disclosed Salahuddin's interest in Cooper Trucking, Cooper's behavior is consistent and does not indicate knowledge of or intent to conceal the alleged conspiracy. However, that is an argument that is more defensive and goes to the prejudice prong rather than probative value. In that regard, in light of the probative nature of the disclosure forms, and in light of the admission of Cooper's disclosure forms from 2004 and 2005, years that pre-date the alleged conspiracy, the Court finds that any prejudice arising from

the admission of the financial disclosure forms Cooper filed during the period of the conspiracy will be mitigated.  In other words, because the Court is admitting the entirety of financial disclosure forms filed by Cooper between 2004 and 2008, i.e., years that pre-date the conspiracy, as well as years that were charged in the indictment, Cooper may argue that his consistent behavior does not demonstrate any knowledge of or intent to conceal an alleged conspiracy.  For these reasons, the Court finds that the probative value of Cooper's financial disclosure forms outweighs any prejudice and the Court will admit Cooper's financial disclosure for the years 2004 through 2008 subject to a limiting instruction.

### III. CONCLUSION

For the reasons set forth above, as well as those stated on the record on September 7 and 20, 2011, the Government's Motion in Limine to admit Salahuddin's financial disclosure forms for the years 2005 through 2008 and Cooper's financial disclosure forms for the years 2004 through 2008 is **GRANTED**.  An order will be entered consistent with this Opinion.


Dated: October 3, 2011                               /s/ Freda L. Wolfson

                                                     Freda L. Wolfson, U.S.D.J.